IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-_____-_____

THEODORE F. HAND, JR.,

    Plaintiff,

v.

ROSS DENVER AIR LLC, A DELAWARE CORPORATION, D/B/A SIGNATURE FLIGHT SUPPORT,

    Defendant.

## NOTICE OF REMOVAL

Under 28 U.S.C.S. §§ 1332, 1441, and 1446, Defendant Ross Denver Air LLC d/b/a Signature Flight Support[1] ("Signature" or "Defendant") through its counsel, Lindsay M. Dunn of Wells, Anderson & Race, LLC, files this Notice of Removal of this civil action from the District Court of the City and County of Denver, Colorado to the United States District Court for the District of Colorado. Copies of all pleadings are filed with this Notice under 28 U.S.C.S. § 1446(a). As grounds for removal, Signature states:

### I. INTRODUCTION

On December 10, 2020, Plaintiff Theodore F. Hand, Jr. filed this action in the District Court of the City and County of Denver, Colorado titled *Theodore F. Hand, Jr. v. Ross Denver Air LLC,*

---

[1]     Plaintiff has wrongly named the defendant in this action. Signature is removing on behalf of itself and Signature Flight Support LLC, the correct entity for this lawsuit, but, should Plaintiff not substitute or name the correct party, Signature will file a motion to dismiss the named defendant as the incorrect party to this action.

*a Delaware corporation, d/b/a Signature Flight Support*, Case No. 2020CV034198.  A copy of the Complaint is attached as **Exhibit A**.  A copy of the District Court Civil Case Cover Sheet is attached as **Exhibit B**.  A copy of the District Court Civil Summons is attached as **Exhibit C**.  A copy of the Court's Delay Reduction Order is attached as **Exhibit D**.  A copy of the Court's Order Re: Discovery Protocol is attached as **Exhibit E**.  A copy of the Court's Pre-Trial Order is attached as **Exhibit F**.  A copy of Entry of Appearance of David Lichtenstein as counsel for Plaintiff Theodore F. Hand is attached as **Exhibit G**.  Copies of the Affidavit of Service and its exhibits are attached as **Exhibit H**.  A copy of Defendant Ross Denver Air LLC d/b/a Signature Flight Support's Answer, Defenses, Affirmative Defenses & Jury Demand is attached as **Exhibit I**.  No other filings have occurred in the state court case.

In this action, Plaintiff brings a premises liability claim against Defendant for an alleged slip and fall resulting in claimed injuries and damages at the Centennial Airport hangar claimed to be owned and operated by Defendant.  *See generally*, **Exhibit A**.

As set forth below, federal diversity jurisdiction may be exercised in this case because there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.  *See* 28 U.S.C.S. § 1332(a)(1).

## II. COMPLIANCE WITH STATE COURT RULES AND DEADLINES

On December 17, 2020, Mr. Hand served his Summons, Complaint, and District Court Civil Case Cover Sheet on Defendant Ross Denver Air LLC's agent for service of process in Colorado, the Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120.  *See* **Exhibit H**, p. 1.  This Notice of Removal is timely filed under 28 U.S.C.S. § 1446, having been filed within 30 days after December 17, 2020.

Under 28 U.S.C.S. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court of the City and County of Denver, Colorado, where this action is pending. All procedural requirements related to the removal of this action have been satisfied.

### III. DIVERSITY JURISDICTION

The Court has original jurisdiction over this action under 28 U.S.C.S. § 1332, as it is a civil action between parties of diverse citizenship, as there is diversity between the Plaintiff on the one side and the Defendant on the other side, involving an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs.

A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "'containing a short and plain statement of the grounds for removal.' 28 U. S. C. §1446(a)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

**A.  Complete Diversity of Citizenship Exists Under 28 U.S.C.S. § 1332(a)(1)**

To meet the diversity requirement for federal jurisdiction, there must be complete diversity between all plaintiffs and all defendants. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

Plaintiff is a citizen of Colorado, as he alleges: "Mr. Hand, at all times relevant to this Complaint, was a resident of Jefferson County, Colorado." **Exhibit A**, ¶ 1.  At the time of filing of the Complaint on December 10, 2020, Plaintiff listed his address as 10839 Vista View Drive, Littleton, CO 80127.  *See* **Exhibit A**, p. 4.  According to the Jefferson County Assessor Property

Records, Plaintiff owns that property.  *See* **Exhibit J**.  According to Colorado voter records,[2] Plaintiff registered to vote in Colorado on August 14, 1987, with the same residential address of 10839 Vista View Drive, Littleton, CO 80127.  *See* **Exhibit K**, p. 1.  In 2020, 2019, 2018, and 2017, his county accepted his ballot for counting.  *See* **Exhibit K**, p. 5.  Based on all of this information, Plaintiff is domiciled in, and a citizen of, Colorado.

A limited liability company is treated like a partnership for purposes of establishing jurisdiction; its citizenship is determined by the citizenship of its members.  *See Clemmons v. Wells Fargo Bank, N.A*., 680 F. App'x 754, 757 (10th Cir. 2017) (citing *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046-47 (10th Cir. 2016)); *see also Gabler v. HA Housing, LP*, No. 12-CV-02671-PAB-KMT, 2012 WL 4856734, at *6 (D. Colo. Oct. 12, 2012).

Defendant Ross Denver Air LLC is a Delaware limited liability company with its principal place of business in Orlando, Florida.  *See* Ross Denver Air LLC's listing with the Colorado Secretary of State business search website, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20041396769&entityId2=20041396769&fileId=20041396769&srchTyp=ENTITY; *see also* Affidavit of D. Sleeth, **Exhibit L**.  The Court may take judicial notice of this information under Fed. R. Evid. 201(b)(2).  Defendant Ross Denver Air LLC has a sole member, LM RA Holdings, LLC.  *See* Affidavit of D. Sleeth, **Exhibit L**.  LM RA Holdings, LLC is a Delaware limited liability company with its principal place of business in Orlando,

---

[2] Where an individual has resided in a state for a considerable time . . . he or she may well be presumed to be a citizen of such state, and on a change of domicile from one state to another, citizenship may depend upon the intention of the individual.  *See Shelton v. Tiffin*, 47 U.S. 163, 185 (1848).

Florida.  *See* Affidavit of D. Sleeth, **Exhibit L**.  LM RA Holdings, LLC has one member, Signature Flight Support LLC.  *See* Affidavit of D. Sleeth, **Exhibit L**.  Signature Flight Support LLC is a Delaware limited liability company with its principal place of business in Orlando, Florida.  *See* Signature Flight Support LLC's listing with the Colorado Secretary of State business search website, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19931003765&entityId2=19931003765&fileId=20201503796&srchTyp=ENTITY.  The Court may take judicial notice of this information under Fed. R. Evid. 201(b)(2).

Signature Flight Support LLC has one member, Signature Aviation USA, LLC, which is a Delaware limited liability company with its principal place of business in Orlando, Florida.  *See* Affidavit of D. Sleeth, **Exhibit L**.  Signature Aviation USA, LLC has two members, Signature Aviation US Holdings, Inc., which is a Delaware corporation whose principal place of business is in Orlando, Florida, and International Airmotive Holdings Co., which is a Delaware corporation with its principal place of business in Dallas, Texas.  *See* Affidavit of D. Sleeth, **Exhibit L**.  Accordingly, Ross Denver Air LLC is not a resident of Colorado.  The Corporate Disclosure Statement, filed herewith, also confirms this information.

Signature Flight Support LLC, the correct entity, is a Delaware limited liability company with its principal place of business in Orlando, Florida.  *See* Signature Flight Support LLC's listing with the Colorado Secretary of State business search website, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19931003765&entityId2=19931003765&fileId=20201503

3796&srchTyp=ENTITY.  The Court may take judicial notice of this information under Fed. R. Evid. 201(b)(2).  Signature Flight Support LLC has one member, Signature Aviation USA, LLC, which is a Delaware limited liability company with its principal place of business in Orlando, Florida.  *See* Affidavit of D. Sleeth, **Exhibit L**.  Signature Aviation USA, LLC has two members, Signature Aviation US Holdings, Inc., which is a Delaware corporation whose principal place of business is in Orlando, Florida, and International Airmotive Holdings Co., which is a Delaware corporation with its principal place of business in Dallas, Texas.  *See* Affidavit of D. Sleeth, **Exhibit L**.  Accordingly, Signature Flight Support LLC is not a resident of Colorado.  The Corporate Disclosure Statement, filed herewith, also confirms this information.

Thus, there is complete diversity between the parties pursuant to 28 U.S.C.S. § 1332(a)(1) as Plaintiff and Defendant are citizens of different states.

**B.  The Amount in Controversy Exceeds $75,000 Under 28 U.S.C.S. § 1332(a)**

While not waiving Signature's right to contest the issue, diversity jurisdiction exists under 28 U.S.C.S. § 1332(a) because Plaintiff seeks a monetary judgment in excess of the $75,000 amount in controversy requirement exclusive of interest and costs. The District Court Civil Case Cover Sheet filed in the state court action establishes that the amount in controversy exceeds $75,000.  *See* **Exhibit B**, ¶ 2. Plaintiff's counsel certifies that C.R.C.P. 16.1 does not apply because: "This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed

$100,000." **Exhibit B**, ¶ 2.  *See also Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C.S. § 1446).

Plaintiff's allegations in his Complaint also support an amount in controversy exceeding $75,000.  Plaintiff claims when he fell "he ruptured his left quadriceps tendon, necessitating, among other things, two surgeries and extensive physical therapy" and he strained his right shoulder.  *See* **Exhibit A**, ¶ 11.  He also claims "[s]everal months later, as a result of the injuries sustained to his knee, Mr. Hand also severely injured his ankle when his knee suddenly buckled beneath him."  **Exhibit A**, ¶ 11.  Mr. Hand alleges as a result of his injuries "he also lost his job, and his ability to work as a pilot" and he has incurred "injuries and damages, including past and future wage losses and loss of earning capacity, past and future medical expenses, and other economic losses and damages; …past and future loss of enjoyment of life, pain and suffering, humiliation, inconvenience, emotional distress, and mental suffering, damages for increased risk of harm, and other noneconomic damages; and physical impairment."  **Exhibit A**, ¶¶ 12, 24.

Given that Plaintiff's District Court Civil Case Cover Sheet asserts the amount sought exceeds $100,000 and the nature of Plaintiff's alleged damages and injuries, the asserted amount in controversy in this action exceeds $75,000.  Accordingly, Signature has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S.C.S. § 1446(a).  *See McPhail v. Deere & Co.* 529 F.3d 947, 953 (10th Cir. 2008).

For the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C.S. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship as between the parties and because the minimum amount in controversy requirement has been satisfied.

Under 28 U.S.C.S. § 1446(a), copies of all "process, pleadings and orders" served in the state court action are filed herewith. Pursuant to 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court of the City and County of Denver, Colorado. A copy of this Notice of Removal has been served on Plaintiff's counsel, as indicated on the attached certificate of service.

**WHEREFORE**, Defendant, Ross Denver Air LLC d/b/a Signature Flight Support, hereby removes this action from the District Court of the City and County of Denver, Colorado, to the United States District Court for the District of Colorado.

Dated this 14th day of January 2021.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

*S/ Lindsay M. Dunn*

Lindsay M Dunn
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 830-1212
Facsimile:  (303) 830-0898
Email:  ldunn@warllc.com

**MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.**

*S/ Samantha M.H. Woods*
*Admission Pending*

Samantha M.H. Woods, KS Bar No. 25929
645 E. Douglas, Suite 100
Wichita, KS 67202
Telephone: (316) 265-9311
Facsimile:  (316) 265-2955
Email: smwoods@martinpringle.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 14th day of January 2021, filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and served it via e-mail to the following counsel of record in this action:

Joe Pickard
Jay Pickard
Keven Massaro
Jennifer Gehring
PICKARD LAW, P.C.
12712 W. Ken Caryl Avenue
Littleton, Colorado 80127
Email: law@lawpickard.com

David Lichtenstein
Law Office of David Lichtenstein, LLC
1556 Williams Street, Suite 100
Denver CO 80218-1661
E-mail: dave@lichtensteinlaw.com

*Attorneys for Plaintiff*

s/ Karen M. Zajac
_____
Karen M. Zajac, Legal Assistant
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 830-1212

*[Original Signatures on File at the Office of Wells, Anderson & Race, LLC]*