# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br><br>Court Address: 1437 Bannock St., Denver, CO 80202<br>Phone Number: (720) 865-8301 | DATE FILED: December 10, 2020 12:50 PM<br>FILING ID: FAAC4FA1A2CD6<br>CASE NUMBER: 2020CV34198 |
| Plaintiff:    THEODORE F. HAND, JR.<br><br>v.<br><br>Defendant:   ROSS DENVER AIR, LLC, A DELAWARE CORPORATION, D/B/A SIGNATURE FLIGHT SUPPORT | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br><br>Pickard Law, P.C.<br>(Joe Pickard/Jay Pickard/Kevin Massaro/Jennifer Gehring)<br>12712 W. Ken Caryl Avenue<br>Littleton, Colorado 80127<br>Phone Number: (303) 989-6655<br>E-Mail: law@lawpickard.com<br>Fax Number: (303) 989-6773<br>Atty. Reg.#: 12476/40304/24682/29323<br><br>David Lichtenstein (#11408)<br>Address:    Law Office of David Lichtenstein, LLC<br>            1556 Williams Street, Suite 100<br>            Denver CO 80218-1661<br>Phone No.:   (303) 831-4750<br>Fax No.:     (303) 863-0835<br>E-mail:      dave@lichtensteinlaw.com | Case No.<br><br>Division |
| **COMPLAINT** | |

Theodore F. Hand, Jr. ("Mr. Hand"), through counsel, Joe Pickard, of the law firm of Pickard Law, P.C., and David Lichtenstein, of the Law Office of David Lichtenstein, LLC, for his Complaint and Jury Demand against Defendant Ross Denver Air, LLC, a Delaware Corporation, d/b/a Signature Flight Support, states as follows:

1

## JURISDICTION AND VENUE

1.  Mr. Hand, at all times relevant to this Complaint, was a resident of Jefferson County, Colorado.

2.  Defendant Ross Denver Air, LLC, is a Delaware corporation authorized and actually doing business in the state of Colorado as "Signature Flight Support." Signature Flight Support owns and operates the Centennial Airport hangar located in Englewood, Colorado, as well as a facility at Denver International Airport.

3.  Venue is proper in the City and County of Denver pursuant to C.R.C.P. 98(c) because Defendant, a Delaware corporation, is a nonresident of Colorado and can be found in the City and County of Denver, and because the City and County of Denver is designated in this Complaint.

## FACTS

4.  On January 28, 2019, Mr. Hand was a pilot with Jet Linx Aviation, LLC ("Jet Linx"), and had just flown into Centennial Airport, a business airport in Englewood, Colorado, as Pilot-in-Command of one of Jet Linx's corporate aircrafts.

5.  After Mr. Hand landed the plane, he followed the Signature Flight Support line crew into its hangar to secure the plane for the evening.

6.  As Mr. Hand walked through the hangar, he slipped on a dark rubber mat and fell on the hangar's epoxy floor.

7.  The mat, which would ordinarily be dry, was wet because of water that had been left to puddle on the epoxy floor.

8.  Epoxy floors become extremely slippery when wet, and there was practically no traction between the wet mat and the wet floor.

9.  The wet floor and the water soaking under the mat was not visible to Mr. Hand.

10.  There were no warning signs, tape, ropes, or other devices advising of the water on the epoxy floor, or the wet mat, or otherwise protecting people from the danger presented by the wet floor and mat.

11.  When Mr. Hand fell, he ruptured his left quadriceps tendon, necessitating, among other things, two surgeries and extensive physical therapy. Mr. Hand also strained his right shoulder. Several months later, as a result of the injuries sustained to his knee, Mr. Hand also severely injured his ankle when his knee suddenly buckled beneath him.

12.     The injuries Mr. Hand sustained on January 28, 2019 while walking through the Signature Flight Support hangar at the Centennial Airport have impacted every aspect of Mr. Hand's life. He not only lost significant time to surgery, pain, medications, and rehabilitative treatment, but he also lost his job, and his ability to work as a pilot.

13.     The pain, aggravation, anxiety and lost time resulting from Mr. Hand's injuries and surgeries were and continue to be devastating to his comfort and well-being.

## CLAIM FOR RELIEF
*(C.R.S. § 13-21-115 -- Premises Liability)*

14.     Mr. Hand incorporates by reference paragraphs 1 through 13 above as if fully set forth herein.

19.     Ross Denver Air, LLC, was in possession of and responsible for the hangar in which the subject incident occurred, and was legally responsible for the condition of the hangar and for the activities or circumstances existing in the hangar, including the dangerous nature of the water on the epoxy floor and beneath the mat.

20.     Ross Denver Air, LLC, knew or should have known of the dangers posed by the water on the floor and beneath the mat as it was not visible to its patrons.

21.     As a direct and proximate result of Ross Denver Air, LLC's unreasonable failure to exercise its duty of care to protect the public from dangers of which Ross Denver Air, LLC, d actually knew, or should have known, Mr. Hand suffered injuries and damages.

22.     Ross Denver Air, LLC had a duty to warn against and to protect Mr. Hand from the dangerous conditions of which it was aware, or should have been aware, as such existed on the date of the subject incident.

23.     Ross Denver Air, LLC, failed to properly display warnings of the existence of the water on the floor and beneath the mat, causing Mr. Hand to slip and fall.

24.     As a result of Ross Denver Air, LLC,'s acts and omissions, Mr. Hand incurred injuries and damages, including past and future wage losses and loss of earning capacity, past and future medical expenses, and other economic losses and damages; for past and future loss of enjoyment of life, pain and suffering, humiliation, inconvenience, emotional distress, and mental suffering, damages for increased risk of harm, and other noneconomic damages; and physical impairment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Theodore Hand, Jr., prays the Court enter judgment in his favor and against Defendant Ross Denver Air, LLC, for his actual damages, in an amount to be determined at trial, including past and future wage losses and loss of earning capacity, past and future medical expenses, and other economic losses and damages; past and future loss of enjoyment of life, pain and suffering, humiliation, inconvenience, emotional distress, mental suffering, damages for increased risk of harm, and other noneconomic damages; physical impairment damages; attorneys' fees as appropriate under law, expert witness fees and other costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and proper.

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL

Respectfully submitted this $\underline{10}^{TH}$ day of December, 2020.

PICKARD LAW, P.C.

By: _____

Joe Pickard, #12476
Jay Pickard, #40304
Kevin Massaro, #24682
Jennifer Gehring, #29323
**ATTORNEYS FOR PLAINTIFF**

Address of Plaintiff:
10839 Vista View Drive
Littleton, CO 80127